**Maryann H. HIDLE, Plaintiff-Appellant,**

v.

**GENEVA COUNTY BOARD OF EDUCATION, Defendant-Appellee.**

No. 85–7171.

United States Court of Appeals,
Eleventh Circuit.

July 3, 1986.

Rehearing and Rehearing En Banc
Denied Aug. 11, 1986.

Robert L. Wiggins, Jr., Coleman D. Hamm, Jr., Birmingham, Ala., for Maryann H. Hidle.

Donald B. Sweeney, Jr., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, VANCE, Circuit Judge, and THOMAS,* Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

This is a sex discrimination case.

At issue in this case is whether a party's motion to alter or amend a judgment pursuant to Rule 59 F.R.C.P. empowers the district court to, in effect, vacate a judgment in favor of the moving party so as to rule in favor of the non-moving party.

Because we are not addressing the merits on this appeal, only a brief summation of the facts necessary for disposition of the procedural issues are presented here.

Suit was filed on March 28, 1983, alleging that the defendant, Geneva County Board of Education had established a pattern and practice of "[f]avoring males over females in its hiring for supervisory and administrative ... positions and particularly by denying employment to plaintiff because of plaintiff's sex (female)." The pretrial order required that the parties exchange a statement of agreed facts prior to trial so that the factual disputes to be tried were as narrow as possible. After trial, the district court took the case under advisement and subsequently issued a written opinion on July 2, 1984, in which it found that the defendant violated Title VII of the Civil Rights Act of 1964 by refusing to hire plaintiff, Maryann H. Hidle, for an assistant principal's position because of her sex. Although plaintiff was not awarded backpay, the district court did grant a "mandatory injunction directing the defendant to offer plaintiff in good faith the next vacant assistant principalship to occur in either the Hartford or Coffee Springs school systems."

After the judgment was rendered, plaintiff timely filed on July 11, 1984, a motion to alter and amend judgment pursuant to Rule 59 F.R.C.P. In the motion plaintiff raised only the question of back-pay and failure to immediately instate her into the job she was originally denied.

Oral argument was granted and thereafter, the Court took the motion under advisement. On February 8, 1985, the Court denied plaintiff's motion to alter and amend, set aside the July 2nd order and entered judgment in favor of defendant. Citing, *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

On appeal, plaintiff argues that the district court lacked authority to vacate its original order because defendant never filed a motion contesting the district court's liability determination and, as previously stated, plaintiff's motion merely contested the remedies awarded to her. Because the Court *sua sponte* entered a new opinion seven months after the original entry of judgment, plaintiff contends the Court acted without authority for failing to comply with Rule 59(d) F.R.C.P. which allows a court to act on its own initiative only if it does so within 10 days after entry of judgment.

This is an unusual if not unique case. The district court, despite its expressly stated reluctance to substitute its judgment for that of the school hiring authority, found that plaintiff was the victim of sex discrimination in hiring and granted injunctive relief requiring that plaintiff be offered the next vacancy. The court did not

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

grant her backpay or instatement into the job she was denied. Under the court's judgment of July 2, 1984, she was at least presumptively entitled to both. *Nord v. United States Steel Corp.*, 758 F.2d 1462 (11th Cir.1985); *Darnell v. City of Jasper, Alabama*, 730 F.2d 653 (11th Cir.1984); *Marks v. Prattco*, 633 F.2d 1122 (5th Cir. Unit A 1981); *McCormick v. Attala County Board of Education*, 541 F.2d 1094 (5th Cir.1976).

On July 11, 1984, plaintiff filed a motion to alter or amend the judgment seeking backpay with interest, instatement into the position denied, injunction against further discrimination, and frontpay for any interim period pending instatement into the position denied. In connection with the claim for backpay, she sought correction of the district court's theory that she had failed to show the extent to which she had been damaged because she had failed to show her interim earnings in other employment, contending that this burden of proof was upon the defendant.

The defendant filed no post-judgment motion asking that the judgment be altered or amended (or for a new trial). Seven months later, February 8, 1985, the court denied plaintiff's motion, set aside the judgment in her favor, and entered judgment for the defendant.

Because of the rarity of this situation we do not attempt to lay down a rule concerning the power of the court to act at all to alter or amend a judgment to the benefit of a non-moving party when the moving party has sought to alter or amend under F.R. Civ.P. 59(e). Rather, assuming the district court has such power, we conclude that in this case it abused its discretion.

Strong policy considerations militate against what occurred here. The court had at least arguably erred in denying backpay, job instatement, and injunctive relief against future discrimination, as well as in assigning the burden of proof of mitigation. When plaintiff sought to present these matters as a basis for altering or amending the remedies afforded her, she lost her judgment to the defendant who had not asked any post-judgment relief. This inhibits the error-correcting function of a Rule 59(e) motion. If the district court is correct, a successful plaintiff given a less-than-complete remedy could not ask for correction without putting at risk the judgment in her favor though the party cast in judgment has raised no question of the validity of the judgment. A defendant successful on five claims cannot safely seek for correction concerning claim six.

The *Mt. Healthy* issue, on the basis of which the trial court reversed itself, was neither pleaded by the defendant nor referred to in the pre-trial order.

The lapse of time is of real concern. This court has held, in *Burnam v. Amoco*, 738 F.2d 1230, 1232 (11th Cir.1984), that where no motion has been filed by either party a district court has a limited power to act *sua sponte* to alter or amend a judgment so long as done within ten days after the judgment is entered. If *Burnam* controls, the district court here exceeded its authority because of the eight months' delay. Here a motion was made by plaintiff. Possibly the filing of a motion by a party opens up the judgment to a greater extent than the court itself can open it up without a motion. Nevertheless, the interest of the parties and society in the finality of judgments, and the legitimate expectation of the parties concerning the judgment to the extent it is not questioned by the parties, speak against pulling the rug from under the plaintiff eight months after she filed her motion to correct errors in the remedy granted her.

The judgment is REVERSED and the case REMANDED to the district court with instructions to reinstate the judgment for plaintiff as originally granted and to grant plaintiff the relief requested in her motion to alter or amend, namely: "restore her to the position she would have occupied in the absence of the violation of Title VII, pay her back-pay with interest and enjoin further violation of Title VII by the defendant."