**SUN-TEK INDUSTRIES, INC.,**
**Plaintiff–Appellee,**

**v.**

**KENNEDY SKY LITES, INC. and Kenergy Corporation,**
**Defendants–Appellants.**

Nos. 87–1375, 87–1421.

United States Court of Appeals,
Federal Circuit.

June 6, 1988.

William H. Shawn, Shawn, Berger & Mann, Washington, D.C., argued, for plaintiff-appellee.

William L. Pence, Baker & Hostetler, Orlando, Fla., argued, for defendants-appellants. With him on the brief was Denis L. Durkin. Also on the brief was Herbert L. Allen, Duckworth, Allen & Dyer, Orlando, Fla.

Before SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

Kennedy Sky Lites, Inc. and Kenergy Corporation (Kenergy) appeal the judgments of the United States District Court

for the Middle District of Florida holding certain of its patents to be invalid and/or unenforceable and awarding attorney fees to Sun–Tek Industries, Inc. (Sun–Tek) under 35 U.S.C. § 285 (1982).

## BACKGROUND

Sun–Tek brought this action against Kenergy for a declaratory judgment that U.S. Patent Nos. 4,278,414 ('414), 4,344,261 ('261), 4,352,776 ('776) and 4,447,200 ('200) were invalid and unenforceable. Kenergy counterclaimed for infringement.[1]

Following a jury trial, the district court entered a Final Judgment on October 17, 1986. That judgment incorporated the court's directed verdict on some issues, the jury's verdict on others, and the court's rulings as to certain issues reserved for its determination. The district court held the '261 patent not to be invalid under sections 102 and 103, but "invalid for fraud in the procurement of related patent 4,278,-414." The jury found the '261 patent not infringed. The jury also found that the '414 patent would have been obvious under section 103, and that it was unenforceable, but not infringed. With respect to the '776 patent, the jury found only claim 10 to be valid (claims 1–9 and 11 were found to be invalid under sections 102 and 103); the court, however, ruled that the patent was invalid for fraud in the procurement of the related '414 patent and for a defective declaration. Finally, the jury determined that only claim 7 of the '200 patent was valid (claims 1–6 were found to be invalid under sections 102 and 103); again the district court found this patent to be invalid due to fraud in the procurement of the '414 patent and also held it to be invalid for a defective filing date.

In its Final Judgment the court devoted a paragraph to its holding of no exceptional case under 35 U.S.C. § 285, stating:

G. This Court expressly reserved jurisdiction to determine whether this action is an *exceptional* case under 35 U.S.C. Section 285. This Court specifically finds that this is *not* an exceptional case.

After presiding in this trial and having heard and observed the positions of the respective parties herein, what was truly "obvious" was the inordinate expenditures of effort, time and money herein, including Court resources. (Emphasis in original.)

The court went on in the next paragraph to say that the court "retained jurisdiction for the entry of appropriate attorney fees consistent with the findings herein. If the parties are unable to agree upon said fees ... memoranda and affidavits are to be submitted by them regarding their positions."

Kenergy timely filed post-judgment motions for judgment notwithstanding the verdict, for a new trial, and for reconsideration, rehearing and/or amendment to the judgment as to certain non-jury issues. Kenergy also sought attorney fees based on Sun–Tek's failure to present a justiciable case on its antitrust claims.

On November 5, 1986, Sun–Tek filed a Motion for Attorneys' Fees and Costs contending, *inter alia*, that the case was "exceptional" and that it was entitled to attorney fees under 35 U.S.C. § 285.

The district court issued an Amended Final Judgment on March 30, 1987 in which it found that this was an exceptional case, contrary to its determination in its October 17, 1986 Final Judgment, and awarded attorney fees to Sun-Tek in the amount of $447,716.37. In the Supplemental Opinion To Amended Final Judgment, which was issued contemporaneously with the Amended Final Judgment, the court explained that "[t]he entire course of conduct exhibited in Defendants' prosecution of their positions herein revealed a blatant plan to commit fraud on the patent office.... Plaintiff deserves its attorney's fees and costs."

Kenergy has appealed the district court's determination in the Amended Final Judgment that this was an exceptional case and the amount of the award of attorney fees to Sun–Tek based on that finding. With regard to unenforceability, invalidity and

---

1. Other issues before the district court, not directly pertinent to this appeal, include violations of the antitrust laws, patent misuse, and validity of a licensing agreement.

infringement, Kenergy has appealed only the determination of unenforceability of the four patents (based on fraud in the procurement of the '414 patent) and the invalidity of the '414 patent. The portion of the judgment that the '414 and the '261 patents were not infringed has not been appealed; nor has Kenergy appealed the portion of the judgment that the '776 and the '200 patents are invalid due, respectively, to a defective declaration and to a defective filing date. Further, the invalidity under 35 U.S.C. §§ 102 and 103 of claims of the '776 and the '200 patents (one claim in each patent having been found valid) has not been appealed.

## OPINION

### A. *Exceptional Case*

Kenergy contends that because the district court determined as a part of its Final Judgment of October 17, 1986 that the case was not an "exceptional case under 35 U.S.C. 285," it could only reconsider and modify that determination pursuant to Fed.R.Civ.P. 59 and 60. Because neither Sun–Tek nor the district court, *sua sponte*, preserved jurisdiction over the exceptional case issue within the ten day limit prescribed by Rule 59,[2] Kenergy argues, the district court was without jurisdiction in its March 3, 1987 Amended Final Judgment to reverse its prior determination and find the case exceptional.

The time limit under Rule 59(e) within which a party may move to amend a judgment is a procedural matter which is not unique to patent law. The law of the regional circuit court from which the appeal arose is the controlling authority in actions before this court with respect to its review of such procedural issues that are not unique to patent law. On these matters, we sit as if we were the particular regional circuit court where appeals from the district court we are reviewing would normally lie.... Where the regional circuit court has not spoken, we need to predict how that regional circuit would

have decided the issue in light of the decisions of that circuit's various district courts, public policy, etc. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575, 223 USPQ 465, 472 (Fed.Cir.1984). Thus, for the purposes of deciding whether the district court retained jurisdiction to alter or amend its judgment pursuant to Rule 59, we apply the law of the Eleventh Circuit.

The Eleventh Circuit has held that a district court has limited power to act *sua sponte* to alter or amend a judgment under Fed.R.Civ.P. 59(e), but such power must be exercised within the ten day time limit. *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir.1984). Fed.R.Civ.P. 6(b) provides that a court may in its discretion enlarge a time limit "but it may not extend the time for taking any action under [Rule] ... 59(e)." The ten day time limit imposed by Rule 59(e) is therefore jurisdictional and may not be waived by a court. *See Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 652 (7th Cir. 1984); *Textile Banking Co., v. Rentschler*, 657 F.2d 844, 849 (7th Cir.1981); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655, 660, 212 USPQ 734, 736, 740 (7th Cir. 1981) (A motion filed twenty-eight days after judgment was found to be untimely.); *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 154 (1st Cir.1980). Applying the precedent of the Eleventh Circuit in *Burnam*, 738 F.2d at 1232, a district court has no inherent authority and cannot, *sua sponte*, modify its judgment outside of the ten day limit.

Although it did not timely file a motion under Rule 59(e), Sun–Tek argues that it is entitled to prevail because Kenergy's timely motions challenged almost the entire Final Judgment and thus opened the entire judgment up to modification or amendment by the district court. It is only the absence of *any* Rule 59(e) motion which is jurisdictional according to Sun–Tek's argument. Kenergy's motions, however, did not challenge the court's determination in the Final

**2.** Fed.R.Civ.P. 59(e) provides that "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

Judgment that the case was *not* exceptional. Sun–Tek also argues that by retaining "jurisdiction for the entry of appropriate attorney fees consistent with the findings herein," the district court did, *sua sponte*, retain jurisdiction to reverse its judgment that the case is not exceptional.

In *Hidle v. Geneva County Bd. of Educ.*, 792 F.2d 1098 (11th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987), the Eleventh Circuit considered whether a party's motion to alter or amend a judgment pursuant to Fed. R.Civ.P. 59 empowers the district court, in effect, to vacate a judgment in favor of the moving party so as to rule in favor of the non-moving party. Although the court expressly stated that it was not attempting to lay down a general rule concerning the power of a court to amend a judgment to the benefit of a non-moving party when the moving party has sought relief under Rule 59, it held, under the facts presented, that the district court erred in so doing.

*Hidle* was a sex discrimination case in which the district court found that there had been a violation of Title VII of the Civil Rights Act of 1964. It directed the defendant to offer plaintiff the next available position, but it did not award her back pay and certain other relief to which she was presumptively entitled under the court's findings. Plaintiff filed a motion pursuant to Rule 59(e) seeking an amendment of the judgment to award such back pay and other relief. Some seven months later "the court denied plaintiff's motion, set aside the judgment in her favor, and entered judgment for the defendant." *Hidle*, 792 F.2d at 1100. No post-judgment motion under Rule 59 to alter or amend the judgment or for a new trial had been filed by defendant.

The Eleventh Circuit reversed and ordered the district court to reinstate its original judgment. The court stated that if actions such as this by the district court were permitted, the error-correcting function of a Rule 59(e) motion would be inhibited. It reasoned that if the district court were correct "a successful plaintiff given a less-than-complete remedy could not ask for correction without putting at risk the judgment in her favor though the party cast in judgment has raised no question of the validity of the judgment." *Id.* The court also noted that "the interest of the parties and society in the finality of judgments, and the legitimate expectation of the parties concerning the judgment to the extent it is not questioned by the parties, speak against pulling the rug from under the plaintiff eight months after she filed her motion to correct errors in the remedy granted." *Id.*

■ We are persuaded that under the reasoning of *Hidle* the Eleventh Circuit would rule that a district court is without authority to alter or amend a judgment which is not subject to a timely motion under Rule 59(e). As in *Hidle*, Kenergy in timely filing such a motion as to other parts of the judgment should not, in doing so, have risked having issues decided in its favor overturned. The interest of the parties and society in the finality of judgments and the legitimate expectation of the parties concerning the judgment to the extent it is not questioned in the manner required by Rule 59(e) militate against the district court's action herein. *See id.* We also do not consider the district court's action herein, nor did the court so indicate or the parties contend, to fall within other provisions of Rule 59 or Rule 60.

■ Sun–Tek's argument that the district court retained jurisdiction to reverse its judgment that this is not an exceptional case when it retained jurisdiction to award attorney fees consistent with its findings is also not persuasive because the district court was not acting within the jurisdiction it retained. The court did not merely award attorney fees consistent with its judgment; it reversed the part of its judgment relating to exceptional case. To permit the district court to reverse the unchallenged and unreserved part of its judgment seven months after it was rendered, where jurisdiction had been retained only to award attorney fees consistent with the findings contained in the judgment, would undermine the finality of judgment. The

Eleventh Circuit in *Hidle* expressly rejected a similar result on that basis. *Id.*

Accordingly, the portion of the Amended Final Judgment awarding attorney fees to Sun–Tek under 35 U.S.C. § 285 is vacated.

### B. *Invalidity and Unenforceability*

 The district court found that the '414 and the '261 patents were not infringed by Sun–Tek, and Kenergy has not appealed these holdings. Because Sun–Tek does not infringe the '414 and '261 patents, there remains no case or controversy between the parties requiring a decision on the enforceability or validity of these patents. *Fonar Corp. v. Johnson & Johnson*, 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988); *Vieau v. Japax, Inc.*, 823 F.2d 1510, 3 USPQ2d 1094 (Fed.Cir.1987) (Bennett, J., concurring). Thus, Kenergy's appeal requesting review of the enforceability or validity of the '414 and the '261 patents is dismissed as moot.

Kenergy also has not appealed that portion of the district court's judgment finding the '776 patent invalid for a defective declaration and the '200 patent invalid for a defective filing date.[3] Accordingly, we do not decide the enforceability issues raised on appeal with respect to these patents, because the issues are moot and to do so would be to render an opinion where no case or controversy exists. *See Altvater v. Freeman*, 319 U.S. 359, 363–64, 63 S.Ct. 1115, 1117–18, 87 L.Ed. 1450 (1943). Kenergy's appeal requesting review of the enforceability of the '776 and '200 patents is also dismissed as moot.

In view of our dismissal for mootness of the enforceability issues, we vacate that portion of the district court's judgment holding that the four patents at issue are "unenforceable" or "invalid" for fraud.

### COSTS

The parties shall bear their respective costs.

VACATED–IN–PART AND DISMISSED–IN–PART.

---

**3.** Kenergy has not appealed the portion of the district court's judgment finding claims 1–9 and 11 of the '776 patent and claims 1–6 of the '200 patent invalid under 35 U.S.C. §§ 102 and 103.