**SUN–TEK INDUSTRIES, INC.,**
**Plaintiff–Appellee,**

v.

**KENNEDY SKY LITES, INC. and Kenergy Corporation,**
**Defendants–Appellants.**

Nos. 89–1088, 89–1607.

United States Court of Appeals,
Federal Circuit.

March 28, 1991.

William H. Shawn, Shawn, Berger & Mann, Washington, D.C., argued for plaintiff-appellee. With him on the brief was Elaine M. O'Halloran, Washington, D.C.

I. William Spivey, II, Baker & Hostetler, Orlando, Fla., argued for defendants-appellants. Of counsel was Beth Ball, Baker & Hostetler, Orlando, Fla. Frederick J. Ward, Baker & Hostetler, Orlando, Fla., was on the brief for defendants-appellants.

Before RICH and ARCHER, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

ARCHER, Circuit Judge.

This is a consolidated appeal by Kennedy Sky Lites, Inc. and Kenergy Corporation (Kenergy) from the Order on Further Proceedings on Remand (Order), dated September 30, 1988, and from the Memorandum Opinion and Order on Remand (Memorandum Opinion), dated January 31, 1989, of the United States District Court for the Middle District of Florida, No. 82–469. The district court held that Kenergy was not entitled to restitution of the attorney fees it paid to Sun–Tek Industries, Inc. (Sun–Tek) pursuant to the district court's Amended Final Judgment, although this court on appeal vacated that award of attorney fees. *See Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc. et al.,* 848 F.2d 179, 6 USPQ2d 2017 (Fed.Cir.1988), *cert. denied,* 488 U.S. 1009, 109 S.Ct. 793, 102 L.Ed.2d 784 (1989). The district court also held that the proceedings following the Amended Final Judgment supported a new finding of "exceptional case" under 35 U.S.C. § 285 pursuant to which Sun–Tek was entitled to its reasonable attorney fees incurred in those proceedings. We affirm-in-part, reverse-in-part and remand.

I.

In the original proceedings, the district court held that no "exceptional case" under 35 U.S.C. § 285 had been established. Final judgment was entered on October 17, 1986. The Amended Final Judgment, which the district court entered on March 3, 1987, reversed that determination and awarded Sun–Tek attorney fees in the amount of $447,716.37. Kenergy appealed to this court and challenged the district court's authority to reverse its original judgment and to enter a new judgment awarding fees.

While the appeal was pending, Kenergy was unable to maintain the supersedeas bond required by the district court in order to stay execution of the Amended Final Judgment. As a result, Sun–Tek satisfied its judgment against Kenergy through execution on the proceeds of a sale of Kenergy's assets. Sun–Tek formally executed a Satisfaction of Judgment on December 4, 1987. Thereafter, on June 6, 1988, this court ruled that the district court was without jurisdiction and authority to reverse its original judgment. We vacated that portion of the district court's Amended Final Judgment which awarded attorney fees to Sun–Tek.

In its Order, dated September 30, 1988, the district court determined "that the mandate [of this court] did not include any stated requirement ... to order Plaintiff to make restitution of all or any part of the attorneys' fees awarded ... in [the] previous judgments." The district court then ruled (1) that Sun–Tek did not have to repay the attorney fees it had received pursuant to the Amended Final Judgment, and (2) that the proceedings in the district court following the Amended Final Judgment supported a new finding of an "exceptional case" under 35 U.S.C. § 285 enti-

tling Sun–Tek to $189,464.77 in additional attorney fees.

Kenergy now appeals from both the Order, dated September 30, 1988, and from the award of additional attorney fees pursuant to the Memorandum Opinion, dated January 31, 1989.

## II.

Regarding the district court's finding that it was not compelled to order restitution, the court concluded (1) that our mandate on remand did not require it to order restitution, and (2) that it could exercise its equitable powers to deny restitution. We disagree with both conclusions.

■ In *Sun–Tek*, which vacated the portion of the Amended Final Judgment awarding attorney fees under 35 U.S.C. § 285, we stated:

> To permit the district court to reverse the unchallenged and unreserved part of its judgment seven months after it was rendered, where jurisdiction had been retained only to award attorney fees consistent with the findings contained in the judgment, would undermine the finality of judgment.

848 F.2d at 182–83, 6 USPQ2d at 2020. Contrary to the district court's Order, we believe the district court was given more than sufficient guidance to be able to "infer the [Federal Circuit's] intention to order restitution [and to] infer the amount of such restitution." Our opinion specifically stated that the district court did not have authority under the Federal Rules of Civil Procedure, in the absence of a motion or *sua sponte* action within the time limits set by Rule 59(e), Fed.R.Civ.P., to amend its final judgment. The purported award of attorney fees under 35 U.S.C. § 285 long after the final judgment was entered was therefore a nullity. Thus, even though the district court may have been technically correct in stating "[t]hat the mandate did not include any stated requirement ... to order ... restitution," our opinion unmistakably held that the district court's reversal of an "unchallenged and unreserved" final judgment was improper. At the time of the amended final judgment, it was be-

yond the court's authority under the Federal Rules of Civil Procedure to modify its previously entered final judgment holding that an exceptional case under section 285 had not been established.

■ Sun–Tek argues that it was within the district court's equitable jurisdiction to find that the attorney fees paid to Sun–Tek did not have to be restored to Kenergy. We disagree. Under the American Rule each party bears its own attorney fees and expenses. As an exception to that rule, courts have exercised their inherent equitable power to make whole a party injured by an egregious abuse of the judicial process. As we said in *Mathis v. Spears*, 857 F.2d 749, 8 USPQ2d 1029 (Fed. Cir.1988),

> Congress enacted Section 285 to codify in patent cases the "bad faith" equitable exception to the American Rule.... Recognizing the good faith/bad faith distinction, Congress expressly limited such awards to "exceptional cases".

*Id.* at 758, 8 USPQ2d at 1036. Once an exceptional case is found, the court *then* has discretion to determine whether or not reasonable attorney fees should be granted. *Machinery Corp. v. Gullfiber AB*, 774 F.2d 467, 227 USPQ 368 (Fed.Cir.1985). In this case, the district court expressly found no "exceptional case" when the case was properly before it. Having improperly exercised discretion in making the original award of fees, it is inappropriate for the court to reach the same result under the guise of exercising equitable powers to deny restitution.

Neither Sun–Tek nor the district court, *sua sponte*, preserved jurisdiction to permit the court to make a discretionary award of attorney fees under section 285 within the ten-day limit prescribed by Rule 59. *See Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 848 F.2d 179, 6 USPQ2d 2017. Thus, under our previous holding that attorney fees were improperly awarded, Sun–Tek must repay all it collected in the original grant of attorney fees. Since these fees were not timely returned after remand, we also direct the district court to award Kenergy interest on the amount of

attorney fees from September 30, 1988 to the date of repayment.

### III.

 We now turn to the district court's award of attorney fees for Kenergy's post-judgment conduct. There is no question that the district court had jurisdiction over the post-judgment proceedings. Thus, we look at whether fees were properly awarded under section 285. Section 285 may be used to award attorney fees to prevent "gross injustice" when a party has litigated vexatiously. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1552, 13 USPQ2d 1301, 1304 (Fed.Cir.1989) (*citing Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 277 USPQ 368 (Fed.Cir.1985); *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 222 USPQ 97 (Fed.Cir.1984)).

■ The district court based the additional fee award on Kenergy's post-trial litigation tactics. In its Order dated September 30, 1988, the court referred to

> the conduct of Defendants and their Counsel post trial, including their violation of the bond reduction order and attempts to defeat Plaintiff's execution on the judgment following entry of the additional bond order September 28, 1988.

Then, in its Memorandum Opinion, the court stated:

> The circumstances occurring subsequent to the bond reduction order Defendants obtained March 23, 1987, form the basis upon which this Court made a second finding of exceptional case in these proceedings....

The district court evaluated Kenergy's post-trial conduct in the light of Kenergy's previous litigation tactics. While the district court no longer had jurisdiction to award fees for actions before and during trial, that does not mean that the court could not take into account, in evaluating Kenergy's post-judgment conduct, any misconduct by Kenergy that may have occurred during trial. Certainly, in determining whether Kenergy's violation of the bond reduction order was a vexatious tac-

tic, the district court may consider the pattern established during the trial. We cannot say that the court improperly concluded that Kenergy's post-judgment actions were improper.

Accordingly, the district court's award of attorney fees for post-judgment vexatious conduct was not an abuse of discretion.

### COSTS

Each party shall bear its own costs.

AFFIRMED–IN–PART, REVERSED–IN–PART AND REMANDED.