988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SUN-TEK INDUSTRIES, INC., Plaintiff-Appellee,
v.
KENNEDY SKY LITES, INC, and Kenergy Corporation, Defendants-Appellant.
 No. 92-1162.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1993.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined April 7, 1993.
 
 M.D.Fla., 779 F.Supp. 589.
 REVERSED AND REMANDED.
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Kennedy Sky Lites, Inc. and Kenergy Corporation (collectively Kenergy) appeal the Order of the United States District Court for the Middle District of Florida (No. 82-469, November 21, 1991), in which the court granted a net consolidated judgment in favor of Sun-Tek Industries, Inc. (Sun-Tek) in the amount of $30,231.43. We reverse and remand.
 
 DISCUSSION
 
 2
 This is the fourth time that this case has been before this court. An abridged history of this case shows that after entering a final judgment the district court erroneously amended that final judgment to award Sun-Tek $447,716.37 in attorney fees on a belated finding of exceptional cases under 35 U.S.C. § 285. We reversed the attorney fee award on the ground that the original judgment was final on this issue. See Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 848 F.2d 179 (Fed.Cir.1988) (Sun-Tek I ). On remand, however, the district court in its order of January 31, 1989 refused to grant Kenergy restitution of the $447,716.37 and awarded Sun-Tek additional attorney fees in the amount of $189,464.77[1] because of Kenergy's post-judgment vexatious conduct. In the remand proceeding Sun-Tek also sought damages in the amount of $249,870.43 which it had allegedly suffered as a result of Kenergy's "fraudulent conduct." The court ruled that it did not have "power and jurisdiction" to award these damages.
 
 
 3
 Kenergy appealed the district court's rulings denying restitution and awarding additional attorney fees. Sun-Tek, however, did not appeal the court's denial of damages. This court in Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 929 F.2d 676 (Fed.Cir.1991) (Sun-Tek III ),[2] directed the district court to grant Kenergy restitution of the $447,716.37 with interest, but affirmed its order as to the award of additional attorney fees based on post-judgment misconduct.
 
 
 4
 The district court's order which is the subject of this appeal properly requires that the attorney fees of $447,716.37 with interest, less the additional fees of $189,588.71 with interest, be paid to Kenergy. However, based on its inherent powers and relying on Chambers v. NASCO, Inc., 111 S.Ct. 2123 (1991), the district court has now granted Sun-Tek the damages of $249,870.43, which it previously had denied in its January 31, 1989 order. Further attorney fees aggregating $102,347.63 have also been awarded to Sun-Tek as follows: $32,310.31 for fees incurred by Sun-Tek between November 26, 1988 and January 31, 1989; $46,324.01 representing one-half of fees incurred by Sun-Tek in Kenergy's appeal of the denial of restitution; and $23,713.31 representing one-half of fees incurred by Sun-Tek after this court's remand in Sun-Tek III.
 
 
 5
 Sun-Tek argues that because the Supreme Court decision in Chambers represented an intervening change in controlling law, the district court properly granted Sun-Tek's request for the damages that had previously been denied. We are not convinced, however, that Chambers represented a change in controlling law. In Chambers, the Supreme Court cited Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975), for the proposition that in an appropriate case a court possesses inherent power to impose sanctions in the form of attorney fees on a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 111 S.Ct. at 2133, (citing Alyeska, 421 U.S. at 258-59) (other citations omitted). Further, the district court in this case acknowledged that Chambers did not represent new law, stating that it "reconfirmed the inherent power of the federal judiciary to act against perpetration of fraud upon it." [A7]
 
 
 6
 Because there was no intervening change in controlling law, it is clear that "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C.Cir.1987) (citing 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4478). In this case, when Kenergy appealed in Sun-Tek III, Sun-Tek could have appealed the district court's denial of their proffer of damages in the amount of $249,870.43. Because Sun-Tek elected not to appeal, the court's decision as to the damages became final. It was therefore error for the district court to award damages pursuant to Sun-Tek's renewed request and we reverse this part of the district court's order.
 
 
 7
 Although we review the imposition of the additional attorney fees under an abuse of discretion standard, see Chambers, 111 S.Ct. at 2138, the award must be based on misconduct by Kenergy. Cf. Beckman Instruments, Inc. v. LKB Producter AB, 892 F.2d 1547, 1553 (Fed.Cir.1989) (failure to take into account particular misconduct involved in determining amount of fees under 35 U.S.C. § 285 is abuse of discretion). Because the district court in awarding the additional fees of $32,310.31, $46,324.01 and $23,713.31 does not cite any instances of misconduct relating to these amounts, we reverse the award of these fees.
 
 
 8
 Because we reverse the additional awards of damages and attorney fees subsequent to our mandate in Sun-Tek III, the district court on remand shall enter judgment in accordance with that mandate, viz, Kenergy is entitled to $447,716.37 together with interest from September 30, 1988 less $189,464.77 together with interest from January 31, 1989.
 
 COSTS
 
 9
 The parties shall bear their own costs.
 
 
 
 [1]
 The Order of January 31, 1989 awarded fees of $189,464.77, while the Order of November 21, 1991 stated the award to be $189,588.71
 
 
 [2]
 In the meantime, Sun-Tek II had been decided by this court. Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 856 F.2d 173 (Fed.Cir.1988)