PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/12/99
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 98-6054

-----------------------------------------

D. C. Docket No. CV-95-D-1283-E


JAMES PULLIAM,

                                        Plaintiff-Appellant,

        versus


TALLAPOOSA COUNTY JAIL,
TALLAPOOSA COUNTY PERSONNEL BOARD, et al.,

                                        Defendants-Appellees.


----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
----------------------------------------------------------------

**(August 12, 1999)**


Before EDMONDSON, COX and BIRCH, Circuit Judges.


EDMONDSON, Circuit Judge:

Plaintiff, a former employee of Defendant Tallapoosa County, appeals from the district court's judgment against him on his claim of unlawful retaliation and from the district court's post-judgment denial of his motion to alter or amend the judgment or in the alternative for a new trial. Because we see no reversible error, we affirm.

Background

Beginning in December 1992, Plaintiff James Pulliam, a black male, worked as a correctional officer for the Tallapoosa County Jail (the "Jail") in Alabama. During his employment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). Plaintiff's EEOC charge alleged discrimination on the basis of race and disability and unlawful retaliation for his protected complaints of discrimination. Plaintiff later amended the EEOC charge, realleging the same basic claims. About two months after Plaintiff filed the amended charge, in October of 1994, Plaintiff was terminated.

Plaintiff brought the instant action against Tallapoosa County (the "County"),[1] claiming unlawful retaliation and discrimination based on race and disability. The

_____

[1]Also named as defendants in the complaint were Joe Waters, a supervisor at the Jail, Joe Smith, Sheriff of the County, Bill McCoy, the Jail Administrator, the Jail, and the County Personnel Board. But, at trial, Plaintiff dismissed the charges against all defendants other than the County.

only claim that ultimately went to the jury was Plaintiff's claim that the Jail had retaliated against him, in violation of Title VII and 42 U.S.C. § 1981, by terminating his employment because he had filed a charge against the Jail with the EEOC.

At trial, Defendant introduced testimony and documentary evidence of many disciplinary acts taken against Plaintiff during the course of Plaintiff's employment. Defendant presented evidence that Pulliam was fired because of his poor work performance and that Plaintiff's EEOC charge did not enter into the decision to fire Plaintiff. According to Defendant, Plaintiff was fired only for legitimate reasons. Plaintiff presented evidence to try to prove that Defendant's proffered reasons for discharge were pretext for unlawful retaliation.

At the close of the evidence, these special interrogatories were submitted to the jury:

> 1. Do you find, by preponderance of the evidence, that the defendant, acting through its employees, terminated the plaintiff's employment in retaliation because the plaintiff had filed an EEOC charge of race discrimination and retaliation?
>
> 2. Do you find, by preponderance of the evidence, that the retaliation was a determining factor in defendant's decision to terminate the plaintiff's employment?
>
> 3. Do you find, by preponderance of the evidence, that the defendant would have made the same decision to terminate the plaintiff's employment notwithstanding the fact that he filed a charge of race discrimination and retaliation?

3

The jury answered "yes" to all three interrogatories.

Following the jury verdict, the district court entered judgment for Defendant, stating, "[b]y reason of the jury's affirmative answer to Interrogatory No. 3, [Defendant] is entitled to judgment." Plaintiff then filed a motion to alter or amend the judgment or in the alternative for new trial. The court denied Plaintiff's motion, and Plaintiff appeals.

## Discussion

In an employment discrimination or retaliation case, even if the plaintiff provides evidence that the defendant, in making an adverse employment decision, was motivated in part by an impermissible consideration, the defendant can prevail if it can prove by a preponderance of the evidence that it would have made the same decision even in the absence of the discriminatory consideration. Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989) (plurality opinion). "Defendants in Title VII [and section 1981] cases may prove as an affirmative defense that they would have reached the same employment decision even in the absence of bias." Harris v. Shelby County Bd. of Educ., 99 F.3d 1078, 1084 (11th Cir. 1996) (citing Price Waterhouse, 490 U.S.

at 246).  Plaintiff's arguments on appeal focus mainly[2] on Defendant's assertion of the

Price Waterhouse/mixed-motives defense to liability.

1.

Plaintiff first contends that Defendant waived the defense by failing properly

to assert it affirmatively, pursuant to Fed. R. Civ. P. 8(c),[3] by pleading it or otherwise

asserting it during the presentation of evidence.  According to Plaintiff, Defendant

never raised the mixed-motives defense in its answer, in the jointly submitted pretrial

order, or at any other time before the close of evidence.  So, Plaintiff contends that

Defendant waived the defense and that it was, therefore, error for the district court to

submit interrogatory number three to the jury.

That Defendant failed to plead the defense affirmatively in its answer is not

contested. But, Defendant argues that it gave sufficient notice to Plaintiff in the

pretrial order.  And omission of an affirmative defense is not fatal as long as it is

---

[2]Plaintiff also argues that the district court erred by refusing to admit documentary evidence about an alleged white comparator and by admitting after-acquired evidence about inaccuracies in Plaintiff's employment application.  Plaintiff further contends that he is entitled to a new trial based on alleged juror misconduct.  We find no merit in these arguments and do not discuss them further.

[3]Rule 8(c) says that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).

5

included in the pretrial order. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 763 (11th Cir. 1995) (stating that failure to assert affirmative defense in answer curable by insertion of defense in pretrial order); Fed. R. Civ. P. 16(e) (stating that pretrial order "shall control the subsequent course of action"). The district court agreed with Defendant that the pretrial order gave Plaintiff sufficient notice.

The pretrial order states in part: "The defendants, Tallapoosa County Jail, et al., contend that the plaintiff was an unsatisfactory employee and that any reprimands, demotions or changes in his employment status were either a result of his own request or of his unsatisfactory performance in his position." The district court concluded that the pretrial order warned Plaintiff of a mixed-motives defense. And, we cannot say that the district court's interpretation of the pretrial order was an abuse of discretion. See Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1461 (11th Cir. 1998) ("We review the trial court's interpretation of a pretrial order for abuse of discretion."); Risher v. United States, 465 F.2d 1, 5 (5th Cir. 1972) ("We are not inclined to disturb the district court's interpretation of a stipulation agreed upon by the parties during pretrial proceedings and approved by the court.").

The district court believed (and we will assume, for the sake of argument) that the mixed-motives theory is the kind of defense which must be pleaded or asserted sometime before the close of evidence. See Harris, 99 F.3d at 1084 (referring to

6

mixed-motives defense as affirmative defense).[4]  Requiring a defendant to plead

certain defenses affirmatively serves the important purpose of providing notice to the

plaintiff and the court.  North Georgia Elec. Membership Corp. v. City of Calhoun,

989 F.2d 429, 432 (11th Cir. 1993); see also Blonder-Tongue Lab., Inc. v. University

of Illinois Foundation, 402 U.S. 313, 350 (1971) (stating that purpose of Rule 8(c) is

to give opposing party notice of affirmative defense and opportunity to rebut it).  But

we accept that sufficient notice was given in this case:  The pretrial order did make it

plain that it would be impossible to determine the issue of whether Defendant's

retaliatory acts caused Plaintiff's discharge without considering Plaintiff's own acts.

The pretrial order allowed Plaintiff fair notice of what the trial would be about.  That

Defendant's motives and Plaintiff's conduct would be in issue was no unfair surprise.[5]

---

[4]We know that the mixed-motives defense is an affirmative one in terms of placing the burden of proof on the defendant.  But, the range of Rule 8(c)'s pleading requirements, beyond the defenses expressly denoted in the rule, is uncertain.  And no court in our circuit has previously addressed the issue of whether a mixed-motives defense must be set forth in the answer or pretrial order, or otherwise asserted before the close of evidence.  Because we conclude that Plaintiff's argument lacks merit even if we accept his contention, we need not (and do not) decide that issue today.

[5]Our decision in Hidle v. Geneva County Bd. of Educ., 792 F.2d 1098 (11th Cir. 1986), is not contrary to our conclusion.  In Hidle, the plaintiff sued a school board alleging unlawful failure to hire based on gender discrimination.  The district court in Hidle initially found that the employer had discriminated against the plaintiff.  But, seven months after rendering its judgment, the district court reversed itself, finding that the employer was entitled to prevail on a mixed-motives theory.  We reversed the district court and reinstated the plaintiff's verdict, noting, among other things, that "[t]he [mixed-motives] issue, on the basis of which the trial court reversed itself, was neither pleaded by the defendant nor referred to in the pre-trial order." Id. at 1100.  But we do not know precisely what the pretrial order said.  The Hidle court did not decide that the mixed-motives defense may never be implicit in a defendant's statement denying

7

A defendant need not admit a discriminatory motive to assert a mixed-motives defense. Indeed, the burden is on the plaintiff to establish that the defendant had a discriminatory motive; a defendant need not admit it, even in the alternative. If a plaintiff does succeed in presenting evidence to prove that the impermissible reason was at least a motivating factor for the adverse employment action, the defendant can respond by arguing that the plaintiff has failed to prove that the impermissible reason was even a motivating factor, or by proving that the defendant would have taken the same action for a permissible reason alone, or by pursuing both tactics. The same occurrences can be material to either or both.

In this case, Sheriff Smith, who was responsible for the final decision to fire Plaintiff, testified that Plaintiff was fired only because of Plaintiff's poor work performance and disciplinary problems; Smith said no other reasons entered into his decision. This line of evidence -- that Plaintiff was fired for permissible reasons -- also supported the less sweeping (but not inconsistent) defense that, even if some impermissible reasons had entered into the decision-making process, Plaintiff would

that unlawful motives had played a part in an adverse-employment decision.

The Hidle court was faced with only one decisive issue, as the court stated it: "whether a party's motion to alter or amend a judgment pursuant to Rule 59 F.R.C.P. empowers the district court to, in effect, vacate a judgment in favor of the moving party so as to rule in favor of the non-moving party." Id. at 1098. The Hidle court was faced with a question of civil procedure, and the court stressed, "[t]he lapse of time is of real concern." Id. at 1100. The court ultimately decided that the district court exceeded its authority because of the eight-month delay. Hidle thus could not and did not resolve the issue now before us.

8

have been fired anyway, for legitimate reasons.  In other words, the legitimate reasons alone were enough.

Defendant's proof in asserting that Plaintiff was terminated  for legitimate reasons is the same as the proof in asserting that Defendant would have terminated Plaintiff even in the absence of discriminatory reasons.  In <u>Spanier v. Morrison's Management Servs., Inc.</u>, 822 F.2d 975, 980 (11th Cir. 1987), we discussed the role of nondiscriminatory reasons articulated at the second stage of the typical <u>McDonnell Douglas</u> pretext case and the role those reasons play in a mixed-motives defense.  We said,

> In the <u>McDonnell Douglas</u> context these reasons serve to suggest the absence of discriminatory motive.  In the [mixed-motives] context -- in which a discriminatory motive has already been found to have been a determining factor -- these same reasons may serve to show that there was a mixture of legal and illegal motives and that the legal motives standing alone would have brought about the plaintiff's dismissal.

<u>Id.</u> at 980 n.5.  In either situation, the reasons -- the proof -- is the same.  <u>See also</u> <u>Fields v. New York State Office of Mental Retardation & Developmental Disabilities</u>, 115 F.3d 116, 124 n.4 (2d Cir. 1997) (explaining that only difference between mixed-motives instruction and typical discrimination charge is in asking additional question of whether Defendant has established its affirmative defense that it would have taken same action in absence of impermissible reason); <u>Starceski v. Westinghouse Elec. Corp.</u>, 54 F.3d 1089, 1098 n.8 (3d Cir. 1995) ("As a practical matter, the proofs

9

required to defend this [ADEA] case under either a pretext or 'mixed-motives' theory differed little.").[6]

In some cases, defendants may choose to make no mixed-motives defense. See Spanier, 822 F.2d at 980 n.4 ("It is possible that a defendant might decide as a tactical matter to forego a [mixed-motives] defense."). But the nature of Defendant's mixed-motives defense required no speculation on Plaintiff's part in this case. With the pretrial order, Plaintiff knew that Defendant would try to prove that Plaintiff was correctly fired for good reason (Plaintiff's unsatisfactory work performance) and that he (Plaintiff) had to discredit the proffered evidence as pretext or unworthy of belief. Defendant never stated that it would not assert a mixed-motives defense. And Plaintiff has pointed to no additional evidence he would have developed if he had be given the kind of notice he says was lacking.

This point is the important one: Unfair surprise to Plaintiff in these circumstances is not apparent. Therefore, we will not overrule the district court's determination that the defense of mixed-motives was in the case by virtue of the pretrial order's language.

---

[6]As a corollary, the substance of a plaintiff's response is not significantly different: the plaintiff will seek to prove that the adverse employment action was motivated by improper considerations regardless of the defendant's defense.

2.

Plaintiff next argues that even if Defendant did not waive the defense, the mixed-motives issue was not properly before the jury based on the evidence presented at trial. Like Plaintiff's previous argument, Plaintiff stresses the absence of an admission by Defendant that an illegitimate motive played a part in its decision to terminate Plaintiff's employment. For a court to instruct on a proposition of law about which there is no evidence is improper. Collins v. Metropolitan Life Ins. Co., 729 F.2d 1402, 1405 (11th Cir. 1984); see also United States v. Morris, 20 F.3d 1111, 1114-15 (11th Cir. 1994) ("A defendant is entitled to have the court instruct the jury on the theory of the defense, as long as it has some basis in the evidence and has legal support.") (quotations and citations omitted). In this case, sufficient evidence supported the instruction; so, the district court did not err.

The availability of the mixed-motives instruction depends on whether the plaintiff has established that consideration of an impermissible factor was in fact a determining factor in the adverse employment action taken by the employer. See Fields, 115 F.3d at 124 n.4 (explaining that first question in mixed-motives instruction is whether consideration of an impermissible reason was a motivating factor in the adverse employment action taken by the employer); Ostrowski v. Atlantic Mutual Ins.

11

Co., 968 F.2d 171, 181 (2d Cir. 1992) ("The [mixed-motives] issue does not arise for the trier of fact until the plaintiff has carried the burden of persuading the trier that the forbidden animus was a motivating factor in the employment decision . . . ."). Here, based on the jury's answers to interrogatories number one and two, Plaintiff established that an impermissible reason was a determining factor in Defendant's decision. So, on all the evidence (including Plaintiff's evidence), we cannot say that it was error to pose the mixed-motives question to the jury: Defendant was entitled to have the jury decide -- as the jury did decide -- that Defendant would have discharged Plaintiff even if he had never filed an EEOC charge.

3.

On appeal, Plaintiff argues that, even if a mixed-motives instruction were warranted, he is entitled to a new trial because the district court failed to instruct the jury properly on the burden of proof for a mixed-motives defense. About the burden of proof and the elements of Plaintiff's claim, the court instructed the jury this way:

> The question with respect to the retaliation claimed is whether the fact that the Plaintiff had earlier filed a charge of race discrimination retaliation against the Defendant was a determining factor in the Defendant's decision to terminate the Plaintiff's employment. The burden of proof or persuasion remains with the Plaintiff at all times. The

12

Defendant need not prove that it did not retaliate against the Plaintiff in order to prevail.

A determining factor. In order for you to find that retaliation for an earlier EEOC charge was a determining factor in the Defendant's decision to terminate Plaintiff's employment, you need not find that it was the sole reason. However, if you find by a preponderance of the evidence that the Plaintiff would not have been subjected to termination but for his earlier charge of race discrimination and retaliation, then you may find that retaliation for filing the charge was a determining factor in the decision to terminate Plaintiff's employment.

. . .

Same decision regardless of EEOC charge. If you find there were other factors upon which the Defendant relied in making the decision to terminate the Plaintiff's employment, and that such decision based on those factors would have been made regardless of Plaintiff's prior EEOC charge, you must find for the Defendant.

(emphasis added). The court failed to specify that the defendant has the burden of proof on the mixed-motives defense. Plaintiff contends that this omission misled the jury and caused prejudice to Plaintiff.

We accept that the district court did not properly explain to the jury that Defendant had the burden of proof on the mixed-motives issue. See Price Waterhouse, 490 U.S. at 254, 261 (1989) (placing burden of proof on defendant for mixed-motives defense); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977) (same).

But not every error in a trial requires a reversal. And, Plaintiff did not object to the instruction or request a charge on the burden of proof after the instruction was given. So, our review here is highly limited: the plain error doctrine governs. See Iervolino v. Delta Air Lines, Inc., 796 F.2d 1408, 1415 (11th Cir. 1986). Under the plain error doctrine, appellant's burden is an especially heavy one: In the absence of a proper objection to jury instructions, "we will reverse only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice." Id. at 1414 (citations and quotations omitted). Furthermore, a court's failure to instruct on a burden of proof does not automatically constitute plain error. See, e.g., G.A. Thompson & Co. v. Partridge, 636 F.2d 945, 955-56 (5th Cir. 1981) (concluding that erroneous charge on burden of proof was not plain error); see also United States v. Solomon, 856 F.2d 1572, 1576-77 (11th Cir. 1988) (concluding that failure to give instruction, after closing arguments, on presumption of innocence in criminal trial, was not plain error, where instruction was given earlier in trial); United States v. Ferndandez, 496 F.2d 1294, 1299 (5th Cir. 1974) (stating, but reversing in conjunction with other grounds, "[w]ith the presumption of innocence charge not requested and its omission not objected to, we would be sorely tempted here to hold that plain error . . . is not made out"); United States v. Harrell, 436 F.2d 606, 612 (5th Cir. 1970) (stating, without deciding plain-error issue due to presence of other reversible error

14

in case, "we would . . . reverse for the trial court's error [in failing to instruct the jury as to the government's burden of proof beyond a reasonable doubt], if objection had been timely made to the charge") (emphasis added).

Plaintiff was represented by counsel. A trial in a federal court is an adversarial process, and the parties' lawyers have a big responsibility for the trial's proper conduct. Without the help of lawyers, trial judges cannot realistically be expected to pick out every problem. So, it is critical that a plaintiff raise the burden-of-proof issue at trial and in a timely way.[7] A properly timed objection will provide the trial judge with a chance to focus on the issue and, if need be, a chance to correct the judge's omission at a time when the mistake can be easily and efficiently corrected. See Partridge, 636 F.2d at 954 (stressing need for bringing "the burden of proof issue to the trial judge's attention so as to enable him to make a correction").

It bears reiteration to say that there was no objection about the burden of proof in this trial. So, to obtain a reversal or a new trial, Plaintiff must show a substantial likelihood that a substantial right of Plaintiff's was affected by the incomplete instruction. See id. at 954-55 (explaining application of plain error rule to erroneous

---

[7]In this case, the jury instructions were delivered only after the lawyers had had an evening to review them and an opportunity to make objections.

15

burden-of-proof instructions). In this case, the failure to give an instruction on Defendant's burden of proof does not constitute plain error.

Plaintiff has failed to convince us that, given a completely accurate instruction on the burden of proof on mixed-motives issues, a substantial likelihood[8] exists that the jury would have found for Plaintiff and determined that Plaintiff -- in the absence of retaliation -- would not have been fired. See id. at 955 ("Based on these facts we must decide whether the evidence was so close that there is a substantial likelihood that given the proper instruction on the burden of proof," the jury would have reached a result in favor of appellant.). Even excluding the documentary evidence that Plaintiff contends is invalid, Defendant presented ample evidence of Plaintiff's unsatisfactory work performance for a jury to conclude that the termination was warranted on nonretaliatory grounds.[9] The evidence was more than sufficient to prove a mixed-motives defense by a preponderance of the evidence. Considering the record, we cannot say that proper instructions would probably have altered the outcome.

---

[8]We stress that showing even a reasonable likelihood would not have been enough. See Partridge, 636 F.2d at 955 ("The difference between the harmless error and the plain error standards in the burden of proof context is thus the difference between a reasonable likelihood and a substantial likelihood.").

[9]Plaintiff, both before and after filing the EEOC charge, had a history of having been disciplined at the Jail. For example, Plaintiff was suspended in March 1994 for leaving his assigned post at the control room -- the heart of the jail's security operation -- unattended. The Jail Administrator testified that such a security violation could alone be grounds for termination.

16

By the way, we do not think that the jury's responses to interrogatories number two and three reflect confusion: "It is . . . perfectly consistent to say both that [retaliation] was a factor in a particular decision when it was made and that, when the situation is viewed hypothetically and after the fact, the same decision would have been made even in the absence of discrimination." Price Waterhouse, 490 U.S. at 246 n.11 (plurality opinion).[10]

## Conclusion

The district court thus did not commit reversible error in this case. The judgment of the district court must be AFFIRMED.

AFFIRMED.

---

[10]In addition, the verdict form contained a fourth interrogatory, addressing damages: "What do you find, by preponderance of the evidence, constitutes an appropriate award of compensatory damages suffered by the plaintiff as a result of having been terminated by the defendants for unlawful reasons?" But, the jury was first instructed at the end of interrogatory number three, "If your answer to interrogatory no. 3 is 'no,' go to interrogatory no. 4. If your answer is 'yes,' your work is complete." Thus, the jury knew that an affirmative answer to interrogatory number three would bar Plaintiff's recovery.

17