Michael H. DONOVAN, Plaintiff–
Appellant,

v.

MILK MARKETING INC., Lewis Gard-
ner, Edwin Schoen, and Eastern Milk
Producers Cooperative Association,
Inc., Defendants–Appellees.

Docket No. 99–7800.

United States Court of Appeals,
Second Circuit.

Argued March 2, 2000.

Decided Feb. 28, 2001.

David E. Peebles, Hancock & Estabrook, LLP, Syracuse, NY, for Plaintiff–Appellant.

Debbie Moore, Syracuse, NY (Carter H. Strickland, Mackenzie, Smith, Lewis, Michell & Hughes, LLP, on the brief) for Defendants–Appellees.

Before: OAKES, LEVAL and SACK, Circuit Judges.

LEVAL, Circuit Judge:

Plaintiff Michael H. Donovan brought suit against his former employer Milk Marketing Inc., several of its officers, and the cooperative into which it has since merged alleging, inter alia, violations of the Age Discrimination in Employment Act (ADEA). After the plaintiff presented evidence that age was a factor in defendants' decision to fire him and defendants presented evidence that plaintiff's poor performance caused his dismissal, the district court (Howard Munson, *Judge*), over the plaintiff's objection, instructed the jury on the mixed-motive, burden-shifting scheme laid out by the Supreme Court in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), to the effect that if the jury found that age was a motivating factor in his dismissal, the employer would have the burden of persuading the jury that, irrespective of his age, the plaintiff would have been fired in any event because of his poor performance. The jury returned a verdict in which it found that the plaintiff had proven that age was a motivating factor in the defendants' decision but that the defendants had carried their burden and established that defendant would have been fired for poor performance irrespective of his age. Pursuant to *Price Waterhouse*, the court then entered judgment for the defendants on the ADEA claim. Plaintiff moved for a new trial on the ground that, as the defendants had not raised a mixed-motive "defense" in their answer, the district court had erred in giving the burden-shifting instruction. The district court denied the motion, and the plaintiff appealed.

On appeal, plaintiff renews his contention that the district court erred in giving the mixed-motive instruction. We find no merit to the plaintiff's argument. When a plaintiff claiming employment discrimination presents credible evidence that illegal discrimination was a factor in his dismissal and his employer responds with credible evidence of valid, non-discriminatory reasons, it is quite possible that a jury will credit both sets of motives, finding that both the prohibited motivation and a lawful one were involved in the adverse action taken by the employer. Under those circumstances, the jury may be in need of better guidance as to how to resolve the issue.

■ The law is: the plaintiff is entitled to recover if the jury finds that the prohibited discrimination plays "a motivating or substantial role" in the employer's adverse decision. *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1181 (2d Cir.1992) (internal quotations omitted); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–12, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); on the other hand, the employer is entitled to prevail if the jury finds that, irrespective of the prohibited discrimination, it would have taken the same action for other reasons. *See Price Waterhouse*, 490 U.S. at 244–45, 109 S.Ct. 1775. Plaintiff has the burden of persuasion on the issue whether the prohibited discrimination played a role in the employer's deci-

sion. If the jury finds prohibited discrimination is present, the employer has the burden of persuasion on the issue whether it would have made the same decision anyway for other reasons.

█ The conventional instructions guide the jury only on the first proposition. They contemplate that the jury will decide the case on the basis of the *presence* or *absence* of the prohibited discrimination—i.e. *whether or not* the prohibited discrimination was present. The instruction does not contemplate that the jury might find that both motivations were present. It fails to instruct the jury on the defendant's entitlement to prevail in that circumstance if the employer proves it would have taken the same action for another reason, regardless of prohibited discrimination. In those circumstances, the *Price Waterhouse* burden-shifting framework provides the relevant law. Accordingly, when the jury might reasonably conclude on the evidence that both illegal discrimination and legitimate non-discriminatory reasons were present in an employer's decisionmaking process, the court may charge the jury on mixed-motivation in accordance with *Price Waterhouse.*

█ Plaintiff notes that we have sometimes referred to mixed-motivation as an "affirmative defense," *see, e.g., Fields v. New York State Office of Mental Retardation and Developmental Disabilities,* 115 F.3d 116, 120 (2d Cir.1997); *Luciano v. Olsten Corp.,* 110 F.3d 210, 218 (2d Cir. 1997); *Cabrera v. Jakabovitz,* 24 F.3d 372, 382–83 (2d Cir.1994), and argues that the defendant is therefore required by Rule 8(c) of the Federal Rules of Civil Procedure to plead a mixed-motive "defense" in

its answer to the complaint.[1] We reject this contention. Our references to the mixed-motive analysis as an "affirmative defense" signified that the burden of persuasion on the relevant question shifts to the defendant if the jury finds that the plaintiff has shown the presence of the prohibited motivation; they were not intended to impose any special pleading requirements on the defendant. *Cf. Pulliam v. Tallapoosa County Jail,* 185 F.3d 1182, 1184–85 (11th Cir.1999) (holding that a defendant-employer does not waive a mixed motive defense by failing to include such a defense in its answer as long as the plaintiff is apprized of the substance of the defendant's argument before the closing of proof).

█ In general, where the employer has given the plaintiff appropriate notice of its contention that it acted for a reason other than the prohibited discrimination claimed by the plaintiff, plaintiff has received full notice of the possibility that the jury could find that both motivations played a role. An employer's statement, "I didn't act because of discrimination; I acted because of the plaintiff's incompetence" implicitly includes the statement, "Even if you should find that discrimination played some role (which I deny), you should nonetheless find I would have taken the same action because of plaintiff's incompetence."[2] Here, in fact, the defendants expressly stated in their answer that they were motivated by "legitimate, non-discriminatory reasons." We see no reason why they should have been obligated to designate this contention as "the mixed motive affirmative defense" in order to receive a jury charge explaining the shifted burden un-

---

1. Rule 8(c) of the Federal Rules of Civil Procedure requires parties in to "set forth affirmatively ... any ... matter constituting an avoidance or affirmative defense" in their pleadings. Fed.R.Civ.P. 8(c).

2. We do not foreclose the possibility that there may be situations in which a defendant's failure to refer to the mixed-motive analysis prior to the charge may cause prejudice to the plaintiff. This is not such a case.

Here, the presentation of evidence to the jury suggesting the existence of both motivations made clear to all participants that the jury might find both were present and might require guidance on how to deal with such a finding. Furthermore, the plaintiff and defendant exchanged pre-trial memoranda in which the mixed motive analysis played a prominent role.

der the *Price Waterhouse* theory. The district court was well within its discretion in giving the mixed-motive charge.[3]

We have reviewed the plaintiff's other claims and find them to be without merit.

The judgment of the district court is AFFIRMED.

3. Judge Sack would affirm on the ground that the defendants' *Price Waterhouse* defense was amply raised in the course of pre-trial proceedings.