[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13073

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02590-CV-CAM-1

DANIEL CRAWFORD,

Plaintiff-Appellant,

versus

CITY OF FAIRBURN, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 29, 2007)**

Before BIRCH and PRYOR, Circuit Judges, and NANGLE,[*] District Judge.

---

[*] Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

PRYOR, Circuit Judge:

Our previous opinion in this case issued on February 21, 2007. Upon sua sponte reconsideration of this appeal, we vacate our previous opinion and substitute the following opinion in its place.

Daniel Crawford appeals the summary judgment in favor of his employer, the City of Fairburn, and against his complaint of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Because Crawford has failed to establish that the legitimate, nondiscriminatory reasons the City offered for Crawford's termination were a pretext for discrimination, we affirm the summary judgment against Crawford's complaint.

## I. BACKGROUND

We describe the facts based on a review of the evidence in the light most favorable to Crawford. In September 2002, Officer Louise Tallman of the Fairburn Police Department filed an internal complaint of sexual harassment against Sergeant James Smith. In December 2002, Tallman filed an EEOC charge against the City that alleged age and sex discrimination based on Smith's alleged harassment.

In March 2003, the City hired Crawford to serve in its Police Department as a Major in the administration of Chief of Police Frederick Brown. Both men were

2

hired to address pervasive problems of management and morale. Crawford oversaw the operations of the Department, including personnel matters and internal affairs investigations.

In November 2003, Tallman filed another internal complaint against Smith. Tallman alleged a second incident of sexual harassment that she believed occurred in response to her still-unresolved 2002 complaint. Crawford began investigating the complaint, and he added to his investigation allegations of insubordination, failure to support the Department, and engaging in gossip and rumors.

On December 11, 2003, the EEOC determined that it was more likely than not that Tallman experienced sexual harassment with respect to the charge she filed in 2002. Later in December 2003, Crawford met with Chief Brown, the City Administrator, and City attorneys to discuss his investigation of Tallman's complaints. In another meeting later that month, the City Administrator told Crawford that it was Crawford's fault that the EEOC was investigating the City, Crawford had "open[ed] up a can of worms," and Crawford's investigation was going to get the City sued.

On January 22, 2004, Crawford submitted the report of his investigation to Chief Brown. The one-page report stated findings of internal violations by Smith such as insubordination, failure to support the Department, and gossip; a finding

of no violation with respect to the complaint of a hostile work environment; a finding of no violation with respect to Tallman's 2002 complaint of verbal harassment; and a finding that the 2003 incident, although intimidating, was not sexual harassment. The City Administrator and City Clerk read the report and concluded that the investigation had found no evidence of unlawful discrimination or harassment. The City Attorney then informed the EEOC that the investigation was complete and there had been no findings of Title VII violations against Tallman.

By February 2004, the City had become dissatisfied with Crawford's performance. Crawford had created a new traffic enforcement unit within the Department, and its occasional patrolling of Interstate 85 proved unpopular with the City Administrator. Crawford was also involved with the termination, reinstatement, and resignation of a disgruntled police dispatcher in December 2003. The Mayor and City Council took interest in the alleged problems with scheduling, understaffing, and morale in the dispatch department. The City Administrator then raised several of his concerns about the Police Department, including staff discontent, unfair scheduling practices, poor management, and poor communication with the City—but not including the sexual harassment allegations—and recommended that Crawford be terminated, and the Council

4

agreed.  The Administrator explained to Chief Brown that Crawford would be terminated because of the problems involving the patrolling of Interstate 85, the dispatchers, and Crawford's investigation of Tallman's complaints.  Brown allowed Crawford to resign on February 27, 2004.

After his resignation, Crawford filed an EEOC charge, and the EEOC issued a notice of right to sue.  Crawford sued the City and complained that the City had retaliated against him for conducting the Tallman investigation.  The City moved for summary judgment.  The district court concluded that Crawford had engaged in protected activity but failed to establish that the legitimate, nondiscriminatory reasons for Crawford's termination proffered by the City were pretextual.  The district court granted summary judgment for the City.

## II.  STANDARD OF REVIEW

We review a grant of summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party.  <u>Brooks v. County Comm'n</u>, 446 F.3d 1160, 1161-62 (11th Cir. 2006).  Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

5

### III.  DISCUSSION

Crawford relies on circumstantial evidence to support his complaint of retaliation, and we will assume, without deciding, that Crawford established a prima facie case of retaliation.  If a Title VII plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824-25 (1973).  If the employer articulates a legitimate, nondiscriminatory reason for its actions, "the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination."  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004); see also Tex. Dep't of Cmty. Aff. v. Burdine, 450 U.S. 248, 255-56, 101 S. Ct. 1089, 1094-95 (1981).   The plaintiff must meet the reason proffered head on and rebut it.  Wilson, 376 F.3d at 1088.  If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment.  Chapman v. AI Transp., 229 F.3d 1012, 1037 (11th Cir. 2000) (en banc).

The City produced evidence that Crawford was terminated for five nondiscriminatory reasons:  the inaccuracy of the Tallman investigation, patrols

6

and traffic stops on Interstate 85, complaints relating to officer pay, problems with the dispatchers, and complaints of low morale and favoritism. On appeal, Crawford does not attempt to rebut any of these reasons. Instead, he has presented evidence that the City Administrator stated in December 2003 that Crawford's investigation of Officer Tallman's complaints had opened up a "can of worms" and was going to get the City sued. Crawford also points to the Administrator's February 2004 statement to Chief Brown that the inaccuracy of the investigation was one of the reasons Crawford was terminated.

We need not address whether the belief of the City that Crawford's investigation was inaccurate was a legitimate, nondiscriminatory reason or evidence of illegal discrimination. What it is not is evidence that the City's other proffered reasons were false. Likewise, the December 2003 statements of the administrator do not raise questions about the truthfulness of any of the proffered reasons. Viewed in the light most favorable to Crawford, they suggest a retaliatory animus, but they do not respond to the explanation of the City that Crawford's performance was unsatisfactory in four other areas of his responsibility.

Crawford erroneously argues that evidence of a discriminatory animus allows a plaintiff to establish pretext without rebutting each of the proffered

7

reasons of the employer.  The cases he cites for this proposition are inapposite, because in each case the plaintiff presented evidence that directly rebutted the proffered reasons of the employer.  See Wilson, 376 F.3d at 1090-91 (evidence that decisionmaker believed that plaintiff was more qualified than promoted employee); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1363-66 (11th Cir. 1999) (evidence that plaintiff did not perform poorly and that the decisionmaker had engaged in the same rule violation for which plaintiff was terminated); Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1291 (11th Cir. 1998) (evidence that supervisor had engaged in activity for which plaintiff was terminated).  By failing to rebut each of the legitimate, nondiscriminatory reasons of the City, Crawford has failed to raise a genuine issue of material fact about whether those reasons were pretext for discrimination.

Crawford has also failed to raise a genuine issue of material fact under a "mixed motive" analysis.  See generally Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 1787-88 (1989) (plurality opinion).  The City met its burden of establishing that Crawford would have been terminated even if his investigation was not a factor when it presented evidence of the other nondiscriminatory reasons for his termination.  See Pulliam v. Tallapoosa County Jail, 185 F.3d 1182, 1186 (11th Cir. 1999).  The burden then shifted back to

Crawford to present evidence that his termination was motivated by an improper consideration. Because Crawford has failed to establish that the explanation of the City was pretextual, he has also failed to establish that the City was motivated by the consideration of an impermissible factor. See id. at 1186 n.6.

## IV. CONCLUSION

The summary judgment for the City is

**AFFIRMED.**