KAREN LECRAFT HENDERSON, Circuit Judge,
concurring:
While I have my reservations about whether this case was in fact tried as a *457 “single motive” case,[1] I concur in the judgment because the defendant originally moved for judgment as a matter of law and “treated the case as one involving a single motive” and then—presumably too late— “switched] positions and argue[d] on remand the case really involved mixed motives.” Maj. Op. at 454. I write separately on the “same action” issue—which comes up only in a “mixed motives” case and therefore is inapplicable here—to set down how I believe it should be analyzed and applied.
The “same action” showing has been labeled an “affirmative defense” by various circuit courts since it was codified in the Civil Rights Act of 1991.[2] See, e.g., Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities, 115 F.3d 116, 117 (2d Cir.1997) (“[A]n instruction on the affirmative defense of dual motivation is not required in all cases ....”). In Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), the Supreme Court in dicta described the showing as a “limited affirmative defense,” id. at 94, 123 S.Ct. 2148, and in Porter v. Natsios, 414 F.3d 13 (D.C.Cir.2005), we adopted the High Court’s description, id. at 19 (mixed motives framework of 1991 Act “providfes] the employer with a ‘limit *458 ed affirmative defense’ under § 2000e-5(g)(2)(B).” (quoting Desert Palace, 539 U.S. at 94, 123 S.Ct. 2148)). I believe, however, that labeling the “same action” showing an affirmative defense has created more confusion than clarity.
“An affirmative defense will defeat the plaintiffs claim if it is accepted by the district court or the jury.” 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1270 (2007) (emphasis added) (citing Hartford Fire Ins. Co. v. Annapolis Bay Charters, 69 F.Supp.2d 756 (D.Md.1999)). In other words, an affirmative defense absolves the defendant of liability. The “same action” showing, on the other hand, “does not absolve [an employer] of liability, but restricts the remedies available to a plaintiff.” Desert Palace, 539 U.S. at 94, 123 S.Ct. 2148.[3] That is, if an employee “proves a violation under section 2000e-2(m)” and the employer demonstrates that it “would have taken the same action in the absence of the impermissible motivating factor,” a court “may grant declaratory relief, injunctive relief ..., and attorney’s fees and costs” but may not award “damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment.” 42 U.S.C. § 2000e-5(g)(2)(B). Because the “same action” showing limits the available court-ordered relief, I believe that it is more analogous to a damages cap like Title VII’s cap, id. § 1981a(b)(3),[4] than to an affirmative defense-—the court is constrained in awarding equitable relief if the employer demonstrates that it would have taken the same employment action in the absence of any discriminatory motive.[5] Accordingly, *459 I believe the “same action” showing need not be raised until the remedy stage of the proceedings.[6] See Johnson v. Brock, 810 F.2d 219, 223 (D.C.Cir.1987) (“[I]n Title VII cases the questions of statutory violation and appropriate statutory remedy are conceptually distinct. ... When a statutory violation is established, the case proceeds to the remedy phase.”) (internal quotation omitted); cf. Oliver v. Cole Gift Ctrs., Inc., 85 F.Supp.2d 109, 112 (D.Conn.2000) (“No plaintiff claiming damages under Title VII can complain of unfair surprise, prejudice, or lack of opportunity to respond when confronted with [the statute’s] limitation of damages, because the limitation is part of the same statutory scheme under which the plaintiff has brought his or her claim.”).
Moreover, characterizing the “same action” showing as a limitation on equitable relief indicates to me that 42 U.S.C. § 2000e-2(a)(1)—which provides that “[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race”— and 42 U.S.C. § 2000e-2(m)—which provides that “an unlawful employment practice is established when the complaining party demonstrates that race ... was a motivating factor for any employment practice, even though other factors also motivated the practice”—are best characterized as evidentiary—not liability—alternatives. Cf. Maj. Op. at 453. That is, if the fact-finder (whether judge or jury) determines that discrimination was a “motivating factor” in an employment decision, the employer is liable, 42 U.S.C. § 2000e-2(m), but the employee’s remedies are limited if it is determined that the employer would have taken the same action in the absence of the impermissible factor, 42 U.S.C. § 2000e-5(g)(2)(B). If, however, the fact-finder (whether judge or jury) decides that discrimination alone motivated the decision, the employer is, again, liable but equitable relief is not so limited. Thus, the fact-finder’s view of the evidence—and not simply how the parties frame their arguments—ultimately dictates whether the “same action” determination need be made. See Porter, 414 F.3d at 20 (jury charge manifested jury found mixed motives and thus district court did not err in addressing “same action” showing).

. At the time the case was tried, the district judge appears to have treated it as a "mixed motives” case. See Tr. 2/25/2000 at 9 (while jury found USMS discriminated against Fogg, district judge found Fogg "was validly dismissed from the Marshals Service for insubordination” and stated “I am not sure that [the two conclusions] are altogether inconsistent”); see also Fogg v. Ashcroft, 254 F.3d 103, 111 (D.C.Cir.2001) ("Because it is unclear exactly what effect the court gave to the jury’s findings, we remand the equitable claims to the district court so that it may reconsider the matter consistent with the law of issue preclusion.”). We conclude today that the trial judge was incorrect based on a different district judge’s characterization of the case as "single motive” on remand. See Fogg v. Gonzales, 407 F.Supp.2d 79, 86 (D.D.C.2005) ("Considering the parties and the trial court agreed previously that this case is a pretext case, the court will continue to treat it as such in accordance with the law of the case doctrine.”). I am not as certain as my colleagues that the district judge on remand accurately read the trial and post-trial record.

. The characterization appears to come from the Supreme Court's decision in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). There the Court stated that section 2000e-2(a)(1) “meant to condemn even those decisions based on a mixture of legitimate and illegitimate considerations,” id. at 241, 109 S.Ct. 1775 (plurality opinion), but that an employer could avoid liability altogether by establishing that it would have made the same employment decision absent any discriminatory motive, id. at 242, 109 S.Ct. 1775. In his plurality opinion, Justice Brennan declared, ”[T]he employer’s burden is most appropriately deemed an affirmative defense.” Id. at 246, 109 S.Ct. 1775. The Congress, however, changed the nature of the mixed motives framework by limiting relief rather than foreclosing liability. See H.R.Rep. No. 102-40(I), at 19 (1991), U.S.Code Cong. & Admin.News 1991, pp. 549, 587 ("[WJhere two independent contributing factors, one discriminatory and the other nondiscriminatory, were present, the remedies available to the complaining party will be limited where the employer establishes that it would have made the same adverse employment decision even absent the discriminatory contributing factor.... However, the presence of a discriminatory factor would still establish a Title VII violation (emphases added)); cf. Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir.1987) (Federal Rule of Civil Procedure 8(d) "specifies that averments as to the amount of damage which defendant does not deny in his answer are not deemed admitted. This provision indicates that the Federal Rules do not consider limitations of damages affirmative defenses .... ” (emphasis omitted)), cert. denied, 485 U.S. 992, 108 S.Ct. 1300, 99 L.Ed.2d 510 (1988). But cf. Simon v. United States, 891 F.2d 1154 (5th Cir.1990) (damages limitation an affirmative defense); Jakobsen v. Mass. Port Auth., 520 F.2d 810 (1st Cir.1975) (same).

. The fact that Desert Palace’s "limited affirmative defense” language appears in the same sentence that concludes that the employer who successfully makes the "same action” demonstration is nonetheless not relieved of liability but instead has limited exposure to relief may at first seem contradictory. See Desert Palace, 539 U.S. at 94, 123 S.Ct. 2148 ("[W]ith respect to 'a claim in which an individual proves a violation under section 2000e-2(m),' the employer has a limited affirmative defense that does not absolve it of liability, but restricts the remedies available to a plaintiff.”). But I read the Desert Palace language to emphasize the "limiting” effect of the same action showing rather than to define precisely the nature of the showing.

. Section 198 la(b)(3)(D) provides:
The sum of the amount of compensatory damages awarded ... for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages ... shall not exceed, for each complaining party—
(D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.
42 U.S.C. § 1981 a(b)(3)(D). The damages cap, like the "same action” showing, was enacted as part of the Civil Rights Act of 1991. Pub.L. 102-166, 105 Stat. 1071, 1072 (1991).

.The "same action” language—enacted, to repeat, as part of the 1991 Act—is set forth in section 2000e-5(g)(2)(B) as follows:
(B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—
(i) may grant declaratory relief, injunc-tive relief (except as provided in clause
(ii)), and attorney’s fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
(ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment ....
42 U.S.C. § 2000e-5(g). Section 2000e-5(g)(2)(B) in no way manifests that the respondent’s “demonstration],” if successful, constitutes a "defense.” Id.

. In Porter, we found it "unnecessary to decide whether the 'same action’ defense under § 2000e-5(g)(2)(B) is an issue reserved for the juiy.” 414 F.3d at 19. The district court in Porter had denied the respondent's requested jury charge on the same action showing. Id. at 16. Porter noted that “dicta in various cases indicate that the 'same action’ defense is a factual issue typically decided by the jury,” id. at 21 (citing Desert Palace, 123 S.Ct. at 2153, 2154, 123 S.Ct. 2148; Borgo v. Goldin, 204 F.3d 251, 257-58 (D.C.Cir.2000); Pulliam v. Tallapoosa County Jail, 185 F.3d 1182, 1187 (11th Cir.1999)). But Porter upheld the district court's determination of the "same action” showing "as part of its assessment of the appropriate equitable relief,” id., and as "not inconsistent with the jury verdict,” id.