. RADER, Chief Judge,
concurring.
I welcome and join the court’s thoughtful analysis, legal scholarship, and improvement in the application of our fee-shifting law. I also endorse the changes proposed by Sidense that objective base-lessness alone should be sufficient for an award of attorney’s fees, and that proof by a preponderance of the evidence should suffice. Majority Op. at 1312 (“Sidense’s argument is not without some force.”); Majority Op. at 1314 (“Sidense’s argument is not a frivolous one.”).
I wish to add to some of the court’s reasoning with my hope that our court will return to its original binding precedent on fee-shifting. Our earlier jurisprudence governs over the subsequent case of Brooks Furniture. See Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed.Cir.1988) (“[Pjrior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc.”). " Before Brooks Furniture, district courts enjoyed broad discretion to shift fees under 35 U.S.C. § 285. In my view, this court should return to the rule that a district court may shift fees when, based on the totality of the circumstances, it is necessary to prevent a gross injustice. See Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 810-11 (Fed.Cir.1990).
I.
As this court notes, in 1946, Congress amended the Revised Statutes of 1874 to state that the “court may in its discretion award reasonable attorney fees to the prevailing party.” Majority Op. at 1312; Mach. Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 471 (Fed.Cir.1985) (quoting Patent Act of August 1, 1946, § 1, 60 Stat. 778, 35 U.S.C. § 70 (1946 ed.)). Before the creation of this court, the various circuit courts interpreted this statute as giving district courts broad discretion to shift fees in “extraordinary” cases. See, e.g., Park-In-Theatres v. Perkins, 190 F.2d 137, 142 (9th Cir.1951). Extraordinary cases were those “bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees.” Id. (emphases added) (listing additional cases that “support this view”).
This court properly concludes that although the 1952 Patent Act slightly modified the 1946 statute by adding the word “exceptional” and removing the word “discretion,” this change did not depart from the original understanding. Majority Op. at 1312-13. And for a long period of time, this court did just that, reading 35 U.S.C. § 285 as applying a totality of the circumstances test. See, e.g., Mach. Corp., 774 F.2d at 472; Mathis v. Spears, 857 F.2d 749, 758 (Fed.Cir.1988); Eltech, 903 F.2d at 810-11 /“[Interests of the patentee and alleged infringer are adequately taken into account in the required evaluation of the totality of the circumstances.... ”); Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 929 F.2d 676, 679 (Fed.Cir.1991).
During this time, district courts found cases to be “exceptional” in a variety of Contexts. For example, “willful.or intentional infringement, ... vexatious or unjustified litigation, or other misfeasant behavior” was sufficient. Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1481-82 (Fed.Cir.1998). “[Ujnpro-fessional behavior [was also found to be] relevant to the award of attorney fees, and may suffice, by [itself], to make a case exceptional.” Epcon Gas Sys., Inc. *1319 v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed.Cir.2002).
This court’s first and binding reading of § 285 did not require a district court to independently parse through evidence related to subjective bad faith and evidence that the lawsuit was objectively baseless. Rather, these considerations were implicit in the district court’s obligation to consider the totality of circumstances.
II.
In 2005, a panel of this court in Brooks Furniture drastically altered this court’s jurisprudence regarding 35 U.S.C. § 285: “Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.” Brooks Furniture Mfg. v. Dutailier, Inc., 393 F.3d 1378, 1381 (Fed.Cir.2005) (emphasis added). This court based this new reading on the Supreme Court’s decision in Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60-61, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). From my perspective, this intervening Supreme Court case does not change this court’s traditional fee-shifting rule.
As this court notes, Professional Real Estate Investors rests on antitrust concerns that are not present in the § 285 analysis. Majority Op. at 1313-14. In the antitrust context, both subjective bad faith and objective baselessness might be reasonable to protect parties from claims for punitive damages. See 15 U.S.C. §§ 1, 2. On the other hand, 35 U.S.C. § 285 is a compensatory fee-shifting statute. Highmark, Inc. v. Allcare Health Mgt. Sys., 687 F.3d 1300, 1310 (Fed.Cir.2012). The Supreme Court itself counsels against requiring both subjective bad faith and objective baselessness in compensatory fee-shifting statutes. Christiansburg Garment Co. v. Equal Emp’t Opportunity Comm’n, 434 U.S. 412, 416, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)..
In Christiansburg, the Supreme Court analyzed section 706(k) of Title VII of the Civil Rights Act of 1964. The Title VII language is very similar to the 1946 patent remedy statute. The Court in Christians-burg described section 706(k) as “flexible, authorizing the award of attorney’s fees to either plaintiffs or defendants, and entrusting the effectuation of the statutory policy to the discretion of the district courts.” Christiansburg, 434 U.S. at 416, 98 S.Ct. 694 (emphasis added). Indeed, the Court expressly determined that subjective bad faith was not a barrier to shifting fees: “[A] district court may in its discretion award attorney’s fees to a prevailing defendant in a Title VII case upon a finding that the plaintiffs action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.” Id. at 421, 98 S.Ct. 694 (emphasis added); see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (inferring that a prevailing defendant in the context of copyright law can prove even less than a prevailing defendant in Christiansburg to recover fees and holding that fees are within the district court’s discretion: “There is no precise, rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified.”).
Brooks Furniture, to my eyes, does not fully account for Supreme Court precedent and does not align with decisions of other circuit courts of appeals. For example, the Lanham Act’s fee-shifting clause, 15 U.S.C. § 1117(a), is identical to section 285: “The court in exceptional cases may award reasonable attorney fees to the prevailing party.” 15 U.S.C. § 1117. Yet, in *1320 applying that identical language, no other circuit court requires both subjective bad faith and objective baselessness. See, e.g., Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 31-32 (1st Cir.2002) (“[A] finding of bad faith or fraud is not a necessary precondition [to find a case exceptional].”); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 280-82 (3d Cir.2000); Retail Servs. v. Freebies Publ’g, 364 F.3d 535, 550 (4th Cir.2004); Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 124 (8th Cir.1987) (“An exceptional. case is one ... -that ‘was groundless, unreasonable, vexatious, or was pursued in bad faith.’ ”); Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., 668 F.3d 677, 687 (9th Cir.2012); Reader’s Digest Ass’n, Inc. v. Conservative Digest, Inc., 821 F.2d 800, 808-09 (D.C.Cir.1987) (“[S]omething less than ‘bad faith[ ]’ suffices to mark a .case as ‘exceptional’ — ”).
Thus, in this setting, this court should have remained true to its original reading of 35 U.S.C. § 285. Eltech, 903 F.2d at 810-11. This original standard aligns well with the language of the statute, the legislative intent in adopting this language, this court’s precedent, Supreme Court precedent, and decisions from other circuit courts of appeals. This original standard also properly empowers district courts, the entities best situated to recognize and address litigation excesses and misconduct, to supply a fee reversal remedy.